**David S. Aman**, OSB No. 962106
Email:  david@amanlawpdx.com
Aman Law LLC
5200 SW Meadows Rd., Ste 150
Lake Oswego, OR  97035-0066
Phone: 503.810.0850

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRIS EASTER,** | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **(FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)** |
| **MAD DECENT PUBLISHING, LLC, MAD DECENT PROTOCOL, LLC, SUNSHINE MANAGEMENT, LLC, and RALPH DELGADO dba NOVELTY CONCERTS,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

For his Complaint, Plaintiff Chris Easter alleges as follows:

**PARTIES**

1. Plaintiff Chris Easter is an individual doing substantial business in the District.

2. Defendant Mad Decent Publishing, LLC, is a Delaware limited liability company.

Page 1 -   **PLAINTIFF'S COMPLAINT**

3. Defendant Mad Decent Protocol, LLC is a Pennsylvania limited liability company.

4. Defendant Sunshine Management LLC is an Oregon limited liability company.

5. On information and belief, defendant Ralph Delgado is an individual residing in California, doing business under the assumed business name of Novelty Concerts.

## JURISDICTION

6. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are subject to personal jurisdiction in this judicial district and therefore are deemed residents under 28 U.S.C. § 1391(c)(2). Venue also lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because some of the claims arise under federal law. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338.

## COMMON FACTUAL ALLEGATIONS

8. Plaintiff Easter is a music and concert promoter located in Portland, Oregon, but doing business throughout the United States and internationally. Since in or around 2010, Easter has continuously used the MADHOUSE and MADHOUSEPDX marks in advertising and in the community to promote his brand and to offer his promotion services.

9. Plaintiff has spent thousands of dollars to market and promote his business—and the artists that he promotes—using the MADHOUSE and MADHOUSEPDX marks. Because of these substantial efforts by Plaintiff, artists, venues and the general public have come to

recognize the MADHOUSE and MADHOUSEPDX marks as synonymous with Easter and his high-quality services.

10. On information and belief, Defendants Mad Decent Publishing, LLC and Mad Decent Protocol, LLC (collectively, "MadDecent") own and operate the website at www.maddecent.com and do business under the "MADDECENT" brand.

11. On information and belief, defendants MadDecent and Delgado are in the business of providing concert promotion and similar good and services.

12. On information and belief, defendant Sunshine Management LLC ("Sunshine") owns and operates the Paris Theater in Portland, Oregon.

13. In September 2017, Plaintiff discovered that Defendants were using the name "MADHOUSE" and "MADHOUSEPDX" (the "Infringing Marks") to promote a music tour, including for a concert to take place on October 28, 2017 at the Paris Theater in Portland, Oregon ("October 28 Concert"). Plaintiff Easter was one of the founding promoters for the Paris Theater, and has been listed on the Facebook page and website for the Paris Theater using Plaintiff's MADHOUSE and MADHOUSEPDX Marks.

14. Defendants have advertised and promoted—and are currently advertising and promoting—the October 28 Concert using the Infringing Marks, through social media and other means. Among other things, Defendants have created an Internet webpage at "madhousepdx.eventbrite" for selling tickets to the public for the October 28 Concert at the Paris Theater.

15. The MADHOUSE and MADHOUSEPDX Marks and the Infringing Marks are identical and/or nearly identical in sight, sound, meaning and commercial impression.

Page 3 -    PLAINTIFF'S COMPLAINT

Consumers encountering the respective marks are likely to believe the marks created an identical commercial impression.  Indeed, Plaintiff has been contacted by consumers who have expressed confusion as to whether Plaintiff and Defendants are affiliated, and whether Plaintiff is sponsoring or associated with the October 28 Concert, or vice versa.

16. Plaintiff's and Defendants' concert and promotion services offered under the marks are identical or nearly identical.  The tickets and similar items sold under the respective marks are identical or closely related products.

17. Plaintiff and Defendants market, promote and/or sell their respective goods and/or services to the same class of consumers and in overlapping marketing and trade channels.

18. Plaintiff has not authorized nor given permission to Defendants to use the MADHOUSE and MADHOUSEPDX Marks in any form or for any purpose.

### FIRST CLAIM FOR RELIEF

#### (Federal Trademark Infringement – 15 U.S.C. § 1114)

19. Plaintiff re-alleges all preceding paragraphs.

20. Plaintiff uses the MADHOUSE and MADHOUSEPDX Marks as a designation of source and quality for its goods and services.

21. Defendants have used and are using the Infringing Marks in connection with goods and services in a manner that is causing confusion and is likely to confuse, deceive and cause mistake among consumers.  Defendants are therefore infringing Plaintiff's rights in the MADHOUSE and MADHOUSEPDX Marks in violation of 15 U.S.C. § 1114.

22. Plaintiff has no adequate remedy at law, and is entitled to temporary, preliminary and permanent injunctive relief.  Specifically, Plaintiff is entitled to an order temporarily,

preliminarily and permanently enjoining Defendants and their agents, employees and other acting in concert with them from directly or indirectly infringing the MADHOUSE and MADHOUSEPDX Marks in any manner or form.

23. Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

24. Defendants' conduct was and is intentional and willful. This is an exceptional case under 15 U.S.C. § 1117 justifying an award of attorney fees to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

25. Plaintiff re-alleges all preceding paragraphs.

26. Defendants use of the Infringing Marks on or in connection with Defendants' goods or services represents a false destination of origin, false or misleading description and/or a misrepresentation of fact and is likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Defendants with Plaintiff. It is also likely to cause confusion or mistake or to deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

27. Defendants have similarly violated 15 U.S.C. § 1125(a) in that their commercial advertising or promotion using the Infringing Marks misrepresents the nature, characteristics, qualities, and/or geographic origin of their goods, services, or commercial activities.

Case 3:17-cv-01586   Document 1   Filed 10/06/17   Page 6 of 8

28. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and the recovery of damages from Defendants pursuant to 15 U.S.C. § 1117(a), including Plaintiff's actual damages and the profits earned by Defendants.

29. Defendants' conduct was and is intentional and willful. This is an exceptional case under 15 U.S.C. § 1117 justifying an award of attorney fees to Plaintiff.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

30. Plaintiff re-alleges all preceding paragraphs.

31. Defendants are using the Infringing Marks in a manner that is likely to cause confusion and mistake, and to deceive consumers and others as to the affiliation, association and/or connection of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods or services by Plaintiff.

32. Defendants' conduct constitutes common law trademark infringement and unfair competition. Defendants' acts have created actual confusion and the likelihood of confusion, resulting in irreparable harm to Plaintiff. Plaintiff does not have an adequate remedy at law.

33. Plaintiff is entitled to damages in an amount to be determined, and to injunctive relief in its favor.

34. Defendants' conduct was intentional and willful. This is an exceptional case under 15 U.S.C. § 1117 justifying an award of attorney fees to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

A. Finding in favor of plaintiff on his claims for relief.

B.	Enjoining defendants and their officers, directors, agents, affiliates, employees and all those acting in concert with them, on a temporary, preliminary and permanent basis, from directly or indirectly:

1.	Using the Infringing Marks in any manner to advertise, promote, sell, or offer any goods or services, or from using any mark that is confusingly similar to the MADHOUSE and MADHOUSEPDX Marks;

2.	Taking any actions or using any names or marks that are likely to cause confusion or to deceive the public into believing that Defendants' goods or services are affiliated or sponsored by Plaintiff, or vice versa; and,

3.	Otherwise engaging in any actions that damage Plaintiff's business reputation or goodwill, or that unfairly compete against or injure Plaintiff.

C.	Awarding compensatory damages in favor of Plaintiff in an amount to be proven at trial, but currently estimated to be in excess of $50,000.

D.	Awarding enhanced damages and/or lost profits in favor of Plaintiff pursuant to 15 U.S.C. § 1117 or other applicable provisions of law.

D.	Ordering an accounting of Defendants' profits or unjust enrichment, to be awarded to Plaintiff.

E.	Awarding Plaintiff's reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117 or as otherwise provided by law.

F.	Granting such other or further relief as the Court deems just or equitable.

Page 7 -   **PLAINTIFF'S COMPLAINT**

## JURY DEMAND

Pursuant to FRCP 38(b), Plaintiff hereby demands trial by jury on all issues in this case so triable.

DATED this 6th day of October, 2017.

        AMAN LAW, LLC


        By:    /s/ David S. Aman
            David S. Aman, OSB No. 962106
            5200 SW Meadows Rd., Ste. 150
            Lake Oswego, OR  97035
            E-Mail:  david@amanlawpdx.com

        *Attorney for Plaintiff*

        Trial Attorney: David S. Aman, OSB No. 962106